STANISLAS VALOIS *vs.* WILFRED PELLETIER.

APRIL 19, 1956 (as of JANUARY 17, 1956).

PRESENT: Flynn, C. J., Condon and O'Connell, JJ.

CONDON, J. This is an action of the case in assumpsit to recover a real estate broker's commission. The case is here on the defendant's exception to the decision of a justice of the superior court in favor of the plaintiff.

The plaintiff, a real estate broker, had an agency agreement with defendant, a contractor and builder, to sell certain houses on a commission of five per cent of the purchase price of each house. Pursuant to said agreement he advertised the houses for sale and sold one of them. He collected the stipulated commission at the time the sale was consummated by the delivery of the deed and the payment of the purchase price. Thereafter he also produced a customer, Omer A. Plouffe, for another house for $14,500. In this instance the sale was not consummated because of Plouffe's inability to comply with the terms of a written contract of sale which he had entered into with defendant after plaintiff had brought the parties together. Upon the execution of this contract, Plouffe made a cash payment of $500 and agreed to pay the balance on or before February 1, 1953.

Pending the completion of the sale defendant allowed Plouffe to occupy the house.

It appears from the evidence that before entering into the contract with Plouffe defendant was advised that Plouffe did not have funds to pay the balance of the purchase price but owned a store which plaintiff expected to sell to a customer by the name of Genereux before February 1, 1953. The defendant was accorded an opportunity to meet and talk with Genereux, apparently to satisfy himself whether Plouffe actually had a prospective customer for the sale of the store. It also appears from the evidence that Plouffe did not have $500 for the initial deposit but had borrowed it from plaintiff. The plaintiff did not disclose this fact to defendant until some time after the contract of sale was executed and Plouffe had occupied the house.

The defendant testified that had he known Plouffe was without funds to make the deposit he would not have entered into the contract of sale. He contends that the concealment of this fact by plaintiff is the main issue in the case. The trial justice expressly found that it was "of no significance, since Plouffe had substantial property valued in excess of the $500.00 loan, property which defendant apparently believed of sufficient value to warrant the acceptance of Plouffe as a purchaser." He further said that defendant's failure "to notify plaintiff that he considered his act disloyal at any time before the date set for delivery of the deed, after defendant admits he had knowledge of the loan, belies his claim that if he had known of the fact, he would not have entered into the contract."

We understand this language to mean that the trial justice was satisfied from the evidence that the defendant entered into the contract of sale only after the exercise of his independent judgment of Plouffe's financial ability and that such judgment was not altered when defendant first became aware of the fact that the $500 deposit was the result of a loan by plaintiff to Plouffe. The defendant con-

tends, as we understand him, that such findings are contrary to the weight of the evidence and that the law precludes a broker from recovering his commission where he conceals from his principal such dealings with the prospective purchaser.

The law of this state governing the right of a broker to his commission after he has produced a customer whom his principal accepts by entering into a valid enforceable contract of sale with such customer is not in accord with the weight of authority. 8 Am. Jur., Brokers, §186. In such a case it is held elsewhere that the broker's commission for finding a customer is earned although he later defaults, unless the broker knew that when he produced the customer he was unable to complete the contract. In this state the rule was laid down many years ago to the effect that the broker in producing a person as a *purchaser* impliedly represents to the vendor that such person is "able financially, as well as ready and willing, to purchase," provided the vendor relies solely upon the broker and does not, before entering into the contract, exercise his independent judgment of the customer's ability to purchase. *Butler* v. *Baker,* 17 R. I. 582, 583. This rule was applied recently in *Mangano* v. *Rooney,* 77 R. I. 324.

In the case at bar it is undisputed that the customer produced by plaintiff has defaulted because he was financially unable to complete the purchase on February 1, 1953 in accordance with the terms of the contract. If that were all, there would be no question but that under the law of this state the broker would not be entitled to his commission. However, on the evidence an issue of fact arises whether defendant actually relied on the broker's representation that Plouffe was able to purchase or whether he decided that question for himself after Plouffe was introduced to him and he had an opportunity to become informed of Plouffe's ownership of the store and the existence of a prospective purchaser therefor in the person of Gen-

ereux. This issue was primarily for the trier of the facts, in this instance the trial justice, to decide. As stated above, he apparently decided that defendant had not relied wholly on the broker. Unless his decision is clearly wrong or he has overlooked or misconceived important evidence we will not disturb it.

From our reading of the transcript we cannot say that his decision is clearly wrong or that he has misconceived the evidence. It may well be that in some circumstances a broker's failure to inform his principal that he had loaned the customer the money necessary for the first deposit would be evidence of disloyalty, but we do not think the circumstances here are of that character. The mere fact of the loan is not of itself a fraud upon the principal that would alter the position of the broker so as to bar his right to recover a commission for producing a purchaser. 8 Am. Jur., Brokers, §142. However, it would seem to be better practice in such a case for the broker to inform his principal that he had extended such financial assistance to the customer so that in the event of the customer's subsequent default it could not be claimed that the loan was made in order to conceal from the principal the customer's lack of financial ability to enter into the contract of sale at its inception. Of course if it could be shown that the broker's conduct was of that character he would be guilty of bad faith toward his principal and would thereby forfeit any right to a commission. We do not think that the evidence here is sufficiently preponderant to establish such lack of good faith so as to warrant us in holding that the trial justice erred.

The defendant's exception to the decision is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Omer A. Sutherland,* for plaintiff.

*Irving I. Zimmerman,* for defendant.